**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CARL SARTAIN** § | |
| § | CIVIL NO. _____ |
| **VS.** § | |
| § | |
| **JET SPECIALTY, INC.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. JURISDICTION AND PARTIES**

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 as well as pursuant to the Age Discrimination in Employment Act, 28 U.S.C. §621 *et seq.*, and 28 U.S.C. §1331, providing for relief against discrimination on the basis of age in employment.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5(f)(3), have occurred or been complied with.

   (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on April 23, 2014.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, Carl Sartain, is a citizen of the United States and the State of Texas who resides in Gregg County, Texas.

4. All the discriminatory employment practices alleged herein were committed within the Eastern District of Texas.

5. Defendant, Jet Specialty, Inc. (hereinafter "Jet Specialty"), has continuously been and is doing business in Gregg County, Texas. Jet Specialty, Inc. may be served by delivering a copy of the Complaint to its Registered Agent for Service, Tommy Darter, 211 Market Avenue Boerne, TX 78006-3050.

6. Jet Specialty, Inc. is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. Jet Specialty, Inc. is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. Jet Specialty, Inc. employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

9. Plaintiff was employed as a temp by Jet Specialty, Inc. in March 2012. On June 1, 2012, Plaintiff became a permanent employee as a warehouseman.

10. During his tenure of employment, Plaintiff suffered constant and/or intermittent remarks, jokes, and innuendo concerning his age. Within one week of being hired, on March 7, 2012, Jeremy Chase, a Jet Specialty employee stated "I didn't know you were older than my dad."

11. On May 2, 2013, Jeremy Chase informed Plaintiff that the company had acquired a new customer that would require deliveries to Louisiana on a regular basis, which required a commercial driver license (CDL). Plaintiff was told to "consider" obtaining a CDL and that it would mean "a little more money" in salary. At no time was Plaintiff informed that his position or his employment with the company was contingent on obtaining the CDL, and/or that Plaintiff was now being required to obtain that license.

12. On May 20, 2013 Plaintiff suffered an injury to his lower back while unloading chemical

tanks from a tractor/trailer unit. Plaintiff informed his manager, Ted Morawski, of the injury. Plaintiff completed this task in serious pain and completed the daily shift. The following day Plaintiff was unable to work due to severe discomfort, and sought treatments at the Petty Chiropractic Clinic of Longview, Texas. This condition, and subsequent treatments at the clinic, continued the remainder of the week, May 21-28. Plaintiff reported every day to his manager in order to inform of his status. Plaintiff returned to work on May 28, 2013.

13. On June 14, 2013 Jeremy Chase informed Plaintiff that he was going to hire a new employee that has a CDL, inferring that Plaintiff would still be making local customer deliveries and tasks associated with normal operations. He then stated, "I'll be honest, I don't think you can pass the physical" in reference to the medical exam required to obtain a CDL. There was no basis for this accusation other than Plaintiff's age, as he was in no way physically or mentally impaired to obtain the CDL, or in performing the new job requirements.

14. On June 17, 2013, it was very apparent to Plaintiff that his manager, Ted Morawski, was quite agitated with him for reasons unknown. Plaintiff was informed of a billing error he had made on a customer shipment; however, it was not such an egregious error that would warrant the hostility being directed toward Plaintiff. Neither Morawski nor Jeremy Chase had any sociable contact with Plaintiff the remainder of the week with the exception of work related instructions.

15. On July 15, 2013, Plaintiff reported to work at 8am. At approximately 8:30am, Jeremy Chase arrived and presented Plaintiff with a document informing him of his immediate termination. Chase informed Plaintiff that "due to business being slow, we are eliminating the warehouse position." On Tuesday, July 16, 2013, Plaintiff's position was filled with a new employee.

### III. CLAIMS FOR RELIEF

#### (A) Americans with Disabilities Act

16. From the time of Plaintiff's injury, Plaintiff has been an individual with a "disability" within

the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and is regarded by Jet Specialty, Inc. as having such an impairment.

17. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job at Jet Specialty, Inc.

18. Despite requests, Jet Specialty, Inc. refused to make reasonable accommodation to Plaintiff.

19. Jet Specialty, Inc.'s failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment. Jet Specialty, Inc.'s actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

20. Jet Specialty, Inc. failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

21. Jet Specialty, Inc. committed acts of retaliation against Plaintiff by reason of his medical treatment and perceived disability.

22. In failing to make reasonable accommodation to Plaintiff's physical disability, Jet Specialty, Inc. acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

### (B) ADEA - 29 U.S.C. § 621 *et seq*.

23. Plaintiff is informed and believes and therefore alleges that Defendant replaced him in the position which he formerly held with Defendant with a younger employee. Additionally, Plaintiff was subjected to a hostile work environment due to his age.

24. The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

25. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by <u>inter alia</u>:

(a) Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees; and,

(b) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees.

26. The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover double damages.

## IV. DAMAGES

27. As a direct and proximate result of Jet Specialty's discrimination on the basis of disability and violation of the ADEA, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

28. Plaintiff would show that Defendant intentionally violated the ADEA and is therefore liable to Plaintiff for liquidated damages.

29. Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

30. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his age. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

31. Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's state-protected rights, thus Plaintiff seeks exemplary damages.

32. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

## V. RELIEF REQUESTED

33. Plaintiff requests the judgment of this Court against Defendant, Jet Specialty, Inc. as follows:

    (a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his disability;

    (b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

    (c) Order that Jet Specialty, Inc. reasonably accommodate Plaintiff;

    (d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

    (e) Enjoin Jet Specialty, Inc. from any further prohibited discrimination against Plaintiff;

    (f) Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

    (g) Award Plaintiff her attorney fees, including litigation expenses, and the cost of this action; and

    (h) Grant such other and further relief as may be just and proper.

34. Plaintiff demands trial by jury.

Respectfully submitted,

\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF